ORIGINAL

FILED
FEB 15 2006
U.S. COURT OF FEDERAL CLAIMS

# In The United States Court of Federal Claims

**GOLDEN MANUFACTURING CO., INC.** )
**125 Hwy 366, P.O. Box 390** )
**Golden, MS 38847** )
**Plaintiff** )
) Case No. 06-114 C
**v.** )
)
**THE UNITED STATES** )
)
**Defendant** )

## COMPLAINT

### I. Parties

1. Plaintiff is Golden Manufacturing Co., Inc. ("Golden"), a Mississippi corporation with its principal place of business at 125 Highway 366, Golden Mississippi, 38847.

2. Defendant is the United States of America, acting through the Defense Logistics Agency ("DLA").

### II. Jurisdiction

3. Jurisdiction is founded upon 28 U.S.C. § 1491(a)(1), and the Contract Disputes Act, 41 U.S.C.§ 601 et seq ("the CDA").

### III. Background

4. On or about September 30, 1999, Golden was awarded Contract SPO100-99-D-0344 ("the Contract") by the Defense Supply Center Philadelphia ("DSCP"), a field activity of DLA.

5. The Contract called for Golden to produce and deliver an indefinite quantity of combat coats, Type I and Type VI (minimum quantity per year for Type I: 50,219/maximum quantity per year: 450,000; minimum quantity per year for Type VI: 81,475/maximum quantity year: 540,000), for a base year plus four (4) option years.

6. The Contract was awarded to Golden arising out of Solicitation SPO100-99-R-0012 ("the Solicitation"), which was incorporated into the Contract.

7. The Solicitation included (on page 49) the clause at FAR 52.242-15 STOP-WORK-ORDER (Aug 1989) (the "Stop Work Clause").

8. The Stop Work Clause provides, in pertinent part, as follows:

> (a) The Contracting Officer may, at any time, by written order to the Contractor, require the Contractor to stop all, or any part, of the work called for by this contract for a period of 90 days after the order is delivered to the Contractor, and for any further period to which the parties may agree. The order shall be specifically identified as a stop-work order issued under this clause. Upon receipt of the order, the Contractor shall immediately comply with its terms and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by the order during the period of work stoppage. Within a period of 90 days after a stop-work order is delivered to the Contracting Officer, or within any extension of that period to which the parties shall have agreed, the Contracting Officer shall either –
>
> (1) Cancel the stop-work order, or
>
> (2) Terminate the work covered by the order as provided in the Default, or the Termination for Convenience of the Government, clause of this contract.
>
> (b) If a stop-work order issued under this clause is canceled or the period of the order or any extension thereof expires, the Contractor shall resume work. The Contracting Officer shall make an equitable adjustment in the delivery schedule or contract price, or both, and the contract shall be modified, in writing, accordingly, if –
>
> (1) The stop-work order results in an increase in the time required for, or in the Contractor's cost properly allocable to, the performance of any part of this contract; and
>
> (2) The Contractor asserts its right to the adjustment within 30 days after the end of the period of work stoppage; provided, that, if the

> Contracting Officer decides the facts justify the action, the Contracting Officer may receive and act upon a proposal submitted at any time before final payment under this contract.

* * * *

9. In 2005 Golden was performing under orders issued for the fourth and final option year under the Contract.

10. On June 13, 2005, the Contracting Officer issued to Golden a "Stop Work Order," pursuant to the Stop Work Clause.

11. Golden complied with the terms of the Stop Work Order.

12. The Stop Work Order was never formally lifted; however under the terms of the Stop Work Clause, it expired on Sunday, September 11, 2005 (i.e., Monday, September 12), whereupon Golden resumed production.

13. Via a letter from Counsel dated October 11, 2005 (sent via facsimile to the Contracting Officer on October 12), Golden submitted a Request For Equitable Adjustment ("REA"), arising from the Stop Work Order, pursuant to paragraph (b) in the Stop Work Clause.

14. The REA totaled $133,981.50, and included seven (7) items: Unabsorbed Overhead and G&A expense; excess Supervisory and Mechanics Labor; Excess Indirect Labor; Overhead on excess Supervisor & Indirect Labor; G&A on excess Supervisory, Indirect Labor and Overhead; profit on costs; and outside Legal and Accounting.

15. Golden received no response from the Contracting Officer to the REA, and on December 12, 2005 Golden resubmitted the REA as a claim pursuant to the Contract Disputes Act, 41 U.S.C., § 601 et seq. (the "CDA") and FAR Subpart 33.2 (the "Claim"); the Claim included the required certification and requested a Final Decision.

16. More than sixty (60) days have passed since Golden submitted the Claim and the Contracting Officer has neither issued a Final Decision nor advised Golden as to when a Final Decision would be issued; therefore the Claim is deemed denied pursuant to the CDA.

17. Golden is entitled to payment of the $133,981.50 sought in the Claim, together with CDA interest from the date the Contracting Officer received the Claim.

## IV. Conclusion

**WHEREFORE**, Plaintiff Golden Manufacturing Co., Inc. requests judgment against Defendant in the amount of $133,981.50, together with CDA interest from the date the Contracting Officer received the Claim, plus such other relief as the Court deems proper.

Respectfully submitted,

MARC LAMER
Attorney for Plaintiff
Golden Manufacturing Co., Inc.

Of Counsel:

Kostos and Lamer, P.C.
1608 Walnut Street, Suite 1300
Philadelphia, PA 19103
(215) 545-0570

Dated: February 14, 2006